Filed 5/15/25  P. v. Giuffra CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337189 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A465712) |
| v. | |
| DOMINGO SEGUNDO GIUFFRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Reversed and remanded with instructions.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Domingo Segundo Giuffra appeals from the trial court's denial of a full resentencing hearing under Penal Code[1] section 1172.75.  Section 1172.75, with one exception, declares invalid sentence enhancements previously imposed pursuant to section 667.5, subdivision (b) (section 667.5(b)) and directs courts to resentence any defendant whose sentence includes this enhancement.  Interpreting the operative statutory term "imposed" as referring only to a sentence enhancement that was imposed *and executed,* the trial court struck Giuffra's section 667.5(b) enhancement but declined to conduct a full resentencing hearing because the enhancement had been *stayed* at Giuffra's original sentencing hearing.[2]  Giuffra argues the trial court erred in denying him a full resentencing hearing.

The Courts of Appeal are currently divided on this issue and the Supreme Court has granted review to resolve this split of authority.  (See *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1154–1155 [discussing the split of authority on this issue]; see, e.g., *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), rev. granted Feb. 21, 2024, S283169.)[3]  While we await guidance from

---

[1] Undesignated statutory citations are to the Penal Code.

[2] Because the trial judge who originally sentenced Giuffra is not the judicial officer who later declined to conduct a full resentencing hearing under section 1172.75, we refer to the former as "the sentencing court" and the latter as "the trial court."

[3] In *Rhodius*, our high court granted review to resolve the following issue:  "Does Senate Bill No. 483 (Stats. 2021, ch. 728) entitle a defendant to a full resentencing hearing under Penal Code section 1172.75 if the defendant's prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) were imposed and

our high court, we agree with the weight of authority holding that a defendant whose sentence includes a section 667.5(b) enhancement that has been imposed and stayed is entitled to a full resentencing hearing. We thus reverse, and instruct the trial court to conduct that hearing on remand.

## PROCEDURAL BACKGROUND[4]

We summarize only those aspects of the procedural history that are relevant to this appeal.

In 1985, Giuffra pleaded guilty to attempted murder, in violation of sections 664 and 187. Although the parties to this appeal agree that Giuffra was sentenced to a prison term of seven years to life, the copies of the minute order for Giuffra's sentencing hearing and of the abstract of judgment that are

---

stayed, rather than imposed and executed?" (California Courts—Appellate Court Case Information, Case Summary for Case No. S283169 <https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2874516&doc_no=S283169&request_token=NiIwLSEnTkw6WzAtSCNNTE9IMDw0UDxTKyIuQzxRICAgCg%3D%3D> (as of May 14, 2025).)

[4] We derive our Procedural Background in part from the parties' admissions and assertions made by the Attorney General that Giuffra does not contest in his reply brief. (See *Williams v. Superior Court* (1964) 226 Cal.App.2d 666, 674 [" 'An express concession or assertion in a brief is frequently treated as an *admission* of a legal or factual point, controlling in the disposition of the case.' "]; *Reygoza v. Superior Court* (1991) 230 Cal.App.3d 514, 519 & fn. 4 [criminal case in which the Court of Appeal assumed that an assertion made by respondent was correct because "defendant did not dispute respondent's claim in his reply"].)

included in the clerk's transcript (which are of poor quality and difficult to read) seem to indicate that he was sentenced to a determinate term of seven years in prison. Indeed, the January 2023 minute order attached to Giuffra's motion for reconsideration discussed later in our Procedural Background reveals the trial court found that Giuffra was "sentenced to the mid-term of seven years on September 12, 1985, for a violation of Penal Code section 664/187." The sentencing court imposed, but stayed, several enhancements, including a prior prison term enhancement under section 667.5(b).[5]

On January 12, 2023, the trial court determined that section 1172.75 does not apply to this case. The January 12, 2023 minute order indicates the trial court rendered this determination during a hearing held in chambers at which neither party was present.

In December 2023, a deputy public defender filed a motion for reconsideration on Giuffra's behalf, wherein counsel sought a full resentencing hearing pursuant to section 1172.75. The trial court set the matter for a hearing, which ultimately was held on March 12, 2024. At that hearing, which counsel for both parties attended, the trial court relied on *Rhodius* to decline to conduct a full resentencing hearing. Instead, the court merely struck Giuffra's stayed section 667.5(b) enhancement. Giuffra's counsel

---

[5] Although Giuffra intimates at certain points in his briefing that the sentencing court did not stay the section 667.5(b) enhancement but instead struck the punishment for it (i.e., the additional one-year prison term), he admits in other portions of his briefing that the sentencing court did in fact stay that enhancement. The latter admission is supported by the record.

timely appealed from the order denying the request for a full resentencing hearing.

## DISCUSSION

### A. Senate Bill No. 136's Amendment to Section 667.5(b) and the Enactment of Section 1172.75

"Prior to January 1, 2020, section 667.5[(b)] required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.] . . . Effective as of January 1, 2020, Senate Bill No. 136 [citation] amend[ed] section 667.5[(b)] to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)."  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

"In 2021, the Legislature created a mechanism for providing retroactive relief to persons serving a term for a judgment that includes an enhancement under section 667.5(b) that has since been eliminated.  [Citations.]  Specifically, 'Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75.  [Citation.]  Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense [as defined in subdivision (b) of Section 6600 of the Welfare and Institutions

5

Code] is legally invalid."[6]  Once the Department of Corrections and Rehabilitation identifies those persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" to the sentencing court, "the court shall recall the sentence and resentence the defendant."  [Citations.]' [Citation.]" (See *Bravo*, *supra*, 107 Cal.App.5th at p. 1150; see also § 1172.75, subds. (a)–(c).)

"Section 1172.75, subdivision (d) . . . governs resentencing under the statute . . . ."  (*Bravo*, *supra*, 107 Cal.App.5th at p. 1150.)  Subdivision (d)(1) provides, "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (§ 1172.75, subd. (d)(1).)  Subdivision (d)(2) requires the trial court to "apply any . . . changes in law that reduce sentences or provide for judicial discretion" (*id.*, subd. (d)(2)), subdivision (d)(3) permits

---

**6** Although the Attorney General contends section 1172.75 does not apply here, the Attorney General does not argue the sentencing court imposed the section 667.5(b) enhancement because Giuffra had committed a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (See *In re D.N.* (2020) 56 Cal.App.5th 741, 767 [" ' "Although it is the appellant's task to show error, there is a corresponding obligation on the part of the respondent to aid the appellate court in sustaining the judgment.  '[I]t is as much the duty of the respondent to assist the [appellate] court upon the appeal as it is to properly present a case in the first instance, in the court below.' " ' "].)

the court to "consider postconviction factors, including . . . the disciplinary record and record of rehabilitation of the defendant while incarcerated" (*id.*, subd. (d)(3)), and subdivision (d)(4) limits the circumstances in which the court may "impose a sentence exceeding the middle term" (see *id.*, subd. (d)(4)).

Additionally, the statute obligates the trial court to appoint counsel for the defendant (see § 1172.75, subd. (d)(5)), and it affords the defendant a waivable right to a resentencing hearing (see *id.*, subd. (e)).

## B.  Section 1172.75 Applies to Enhancements Under Section 667.5(b) That Were Imposed and Stayed

We agree with the weight of authority interpreting section 1172.75 to apply to section 667.5(b) enhancements that have been imposed and stayed, as Giuffra's enhancement was, and not just enhancements that were imposed and executed. (See *Bravo*, *supra*, 107 Cal.App.5th at pp. 1154–1155 [decision from Division Two of the First District in which the reviewing court:  (1) observed that the Third, Fourth, Fifth, and Sixth Districts have adopted this interpretation, (2) noted that only Division Two of the Fourth District arrived at the opposite conclusion in *Rhodius*, and (3) followed " 'the weight of authority' that has rejected the argument that we should 'imply an execution requirement into the word "impose" ' as the word is used in section 1172.75, subdivision (a)"].)

We concur with the reasoning of this authority, which we do not repeat here.  This case law explains why *Rhodius* and the vast majority of the Attorney General's arguments in this appeal in favor of *Rhodius* are unpersuasive.

Only one argument raised by the Attorney General here warrants further discussion.  The Attorney General argues that

interpreting the statutory term "imposed" in section 1172.75, subdivision (a) to include enhancements that have been imposed but stayed would be inconsistent with section 1172.75, subdivision (d)(1)'s requirement that resentencing under that section "result in a lesser sentence than the one originally imposed as a result of the repealed enhancement . . . ." (See § 1172.75, subds. (a), (d)(1).) That is because, according to the Attorney General, the trial court is not authorized to lift a stay on a section 667.5(b) enhancement. The Attorney General reasons that Senate Bill No. 136 invalidated *all* section 667.5(b) enhancements with one exception not argued here. (See fn. 6, *ante* [noting the Attorney General does not claim Giuffra committed a sexually violent offense as defined in Welf. & Inst. Code, § 6600, subd. (b)].) Furthermore, in support of the Attorney General's position that the trial court could not lift the stay on Giuffra's section 667.5(b) enhancement, the Attorney General seems to contend that when a trial court conducts a " 'full resentencing' " of a defendant, the court cannot order a defendant to serve time for an enhancement that has been invalidated by legislative amendments added after the defendant was initially sentenced. The Attorney General thus maintains because Giuffra's section 667.5(b) enhancement is an "inert enhancement[,]" striking that enhancement "cannot be said to result in a lesser sentence."

We are not persuaded because the Attorney General's argument is premised on a scenario that would not exist if, as the Attorney General claims, "section 1172.75 only applies to imposed and executed [section 667.5(b)] enhancements . . . ." In that scenario, section 1172.75 would not entitle Giuffra to a full resentencing hearing, which, according to the Attorney General,

8

is the proceeding at which the trial court is precluded from imposing an invalid sentencing enhancement. Furthermore, the Attorney General does not cogently argue that if section 1172.75 is inapplicable here, newly amended section 667.5(b)'s limitations on the prior prison term enhancement would still apply retroactively to Giuffra's case such that the stayed enhancement could be characterized as "inert . . . ."

In sum, until we receive further guidance from our high court, we follow the majority of Courts of Appeal and conclude, " '[E]ven when a prison prior is stayed and not executed, elimination of the prison prior reduces the potential sentence facing the defendant and therefore *results in a lesser sentence* than the one originally imposed.' [Citations.]" (See *Bravo, supra*, 107 Cal.App.5th at pp. 1155–1156 [adhering to, and collecting cases in support of, this approach].) For the foregoing reasons, we reject the Attorney General's argument that section 1172.75 does not apply to section 667.5(b) enhancements that were imposed but stayed. Accordingly, the trial court erred in declining to conduct a full resentencing hearing.

## DISPOSITION

We reverse the trial court's March 12, 2024 order denying defendant Domingo Segundo Giuffra's request for a full resentencing hearing.  On remand, the trial court shall conduct a full resentencing hearing consistent with Penal Code section 1172.75 at which the parties and the trial court should address whether Giuffra was sentenced to a seven-year determinate prison term or a term of incarceration of seven years to life.  We express no opinion on whether Giuffra may seek other relief in the interim if he believes he was sentenced to a determinate seven-year prison term.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.

10